United States District Court
Northern District of California

| | |
|---|---|
| MARIA MCCULLOUGH, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>   Defendants. | Case No.: CV 13-05425-TEH (KAW)<br><br>ORDER REQUIRING A JOINT LETTER REGARDING DEFENDANTS' MOTION TO STAY |

On March 28, 2014, Defendants filed a motion to stay the action in light of Defendant Deputy Dillon Hume's status as an active servicemember, pursuant to the Servicemembers Civil Relief Act, 50 App. U.S.C. § 522. (Defs.' Mot., Dkt. No. 14 at 2.)  Deputy Hume will be unavailable until February 2015.  (Dkt. No. 25.)  Deputy Hume's codefendants also request a stay to avoid duplicative discovery and motions, and because they "cannot mount an effective defense without the testimony of Deputy Hume." (Defs.' Mot. at 2.)  Plaintiffs did not file an opposition to the motion to stay.

On April 14, 2014, the parties appeared before the district court for a case management conference, and informed the court that Deputy Hume was not central to the incident. (Dkt. No. 25.) On April 16, 2014, the district court referred the motion to stay, as well as all subsequent discovery disputes, to the undersigned to determine whether any parts of this case could proceed without causing undue prejudice to any party if it were stayed only as to Deputy Hume. *Id.*

On April 18, 2014, Defendants' filed their reply brief and reiterated their request to stay the entire action. (Defs.' Reply, Dkt. No. 26 at 2.)

Accordingly, the Court orders the parties to file a joint letter, not to exceed 15, double-spaced pages, on or before **May 14, 2014** that addresses the following issues:

1. Whether the parties are willing to stipulate to staying the case for all defendants;

2. Their positions regarding staying the action as to Deputy Hume, along with the legal authority to support their position;

3. What Deputy Hume's "limited involvement" was in the incident, to the best of the parties' knowledge at this juncture, as it is not evident from the face of the complaint nor from the parties' April 7, 2014 Joint CMC Statement (Dkt. No. 19);

4. Whether Deputy Hume is completely indemnified by Contra Costa County;

5. What parts of the case could proceed without causing undue prejudice to any party, including the discovery process. The parties shall specify which discovery could be conducted in Deputy Hume's absence, what discovery could not be obtained, and what discovery is potentially duplicative;

6. How the pending motion to quash Deputy Hume's summons (Dkt. No. 20), if granted, would affect this action and Defendants' motion to stay.

Upon review of the joint letter, the Court will determine whether a hearing is required or if the motion may be decided without oral argument pursuant to Civil L.R. 7-1(b).

IT IS SO ORDERED.

DATE: April 21, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge