United States District Court
Northern District of California

| | |
|---|---|
| MARIA MCCULLOUGH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>    Defendants. | Case No.: CV 13-05425-TEH (KAW)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STAY<br><br>(Dkt. No. 14.) |

    On March 28, 2014, Defendants filed a motion to stay the action in light of Defendant Deputy Dillon Hume's status as an active servicemember, pursuant to the Servicemembers Civil Relief Act, 50 App. U.S.C. § 522. (Defs.' Mot., Dkt. No. 14 at 2.) Deputy Hume will be unavailable until February 2015. (Dkt. No. 25.) Deputy Hume's codefendants also request a stay to avoid duplicative discovery and motions, and because they "cannot mount an effective defense without the testimony of Deputy Hume." (Defs.' Mot. at 2.) Plaintiffs did not file an opposition to the motion to stay.

    On April 14, 2014, the parties appeared before the district court for a case management conference, and informed the court that Deputy Hume was not central to the incident. (Dkt. No. 25.) On April 16, 2014, the district court referred the motion to stay, as well as all subsequent discovery disputes, to the undersigned to determine whether any parts of this case could proceed without causing undue prejudice to any party if it were stayed only as to Deputy Hume. *Id.*

    On April 21, 2014, the undersigned ordered the parties to file a joint letter that addressed several of the court's concerns. (Dkt. No. 28.) On May 14, 2014, the parties filed the joint letter. (Dkt. No. 34.) The Court finds that the motion may be decided without oral argument or further briefing pursuant to Civil L.R. 7-1(b), and GRANTS IN PART AN DENIES IN PART Defendants' motion to stay.

The Court stays the action as it pertains to Deputy Hume only. Per the agreement of the parties, the depositions of Deputies Jacinto, Ingersoll, and Van Scoy shall not go forward until Deputy Hume's return. In addition, limited written discovery regarding the incident may proceed in Deputy Hume's absence, but shall be limited to non-testimonial evidence, since his participation is unnecessary and Deputy Hume will not suffer any prejudice if Plaintiffs are provided with documents relating to the incident that are already in the County's possession. The Court was not persuaded by the County's argument that Deputy Hume's participation was required for document production. Should Deputy Hume have access to additional responsive documents of which the County is not aware, the County shall supplement its document production upon his return.

If the parties further agree, written discovery and depositions relating to Plaintiff's alleged damages may proceed at this time so long as they do not require the participation of Deputies Hume, Jacinto, Ingersoll, and Van Scoy.

IT IS SO ORDERED.

DATE: May 28, 2014

_Kandis Westmore_
KANDIS A. WESTMORE
United States Magistrate Judge